**In the Matter of Suzanne D. ACCOMAZZO, Debtor.**

**Adrianne KALYNA, United States Trustee for the District of Arizona, Appellant,**

v.

**Stanley M. SWAINE, Appellee.**

No. Civ. 95–0876–PHX–BMV.
Bankruptcy No. 90–06385–PHX–RTB.
BAP No. AZ–95–1385.

United States District Court,
D. Arizona.

Oct. 27, 1998.

---

Michael W. Carmel, Phoenix, AZ, Paul Allen Randolph, U.S. Trustee's Office, Phoenix, AZ, for Adrianne Kalyna, United States Trustee.

Howard C. Meyers, Phoenix, AZ, for debtor.

### Amended Memorandum and Order

VAN SICKLE, District Judge.

This appeal concerns a bankruptcy trustee's potential liability for negligent acts or omissions while administrating a bankruptcy estate. This Court must decide whether the bankruptcy court may impose liability upon a trustee where the court finds that the trustee negligently failed to maximize the property of a bankruptcy estate in performance of the trustee's discretionary duties.

Suzanne D. Accomazzo (the "Debtor") filed her voluntary petition under Chapter 7 of the Bankruptcy Code ("Code") on June 18, 1990. Stanley M. Swaine ("Swaine") served as the appointed trustee for the case.

Swaine, through counsel, filed his Application for Order Approving and Authorizing First Interim Payment of Trustee's Fees ("Application") on February 13, 1995. Swaine's Application requested fees in the amount of $7,182.42 calculated pursuant to 11 U.S.C. § 326. Pursuant to 28 U.S.C. section 586(a)(3)(A)(I)–(ii), the United States Trustee is charged with reviewing and, when appropriate, objecting to applications for compensation submitted by a trustee under the United States Trustee's Office's supervision. In this case, the United States Trustee timely filed her objection to the Swaine's Application for Interim Fees and Motion to Surcharge ("Objection") as a combined pleading on March 9, 1995. The Objection requested the Bankruptcy Court to surcharge Swaine and reduce the fees requested in the Application by $853.45.

The United States Trustee's Objection asserted that Swaine received and deposited a lump sum amount of $19,000.00 on October 24, 1990 in the checking account for the estate of Debtor. From October 24, 1990, until August 22, 1991, the checking account balance consistently exceeded $19,000.00. On August 22, 1991, a disbursement was made by Swaine which decreased the balance to $16,350.78. On June 15, 1992, Swaine transferred $10,631.78 to a savings account, leaving a balance of $1,000.00 in the checking account. The United States Trustee requested the Bankruptcy Court to surcharge Swaine and deny the Application, in part, by reducing the compensation requested by the Trustee by $853.45, the estimated proceeds lost as a result of Swaine's noninvestment over the period from April 24, 1991, through June 15, 1992.

Apparently, Swaine's failure to deposit estate funds in an interest bearing account in the present case is not unique. The Office of the Inspector General cited Swaine's failure to invest funds as a deficiency in one of its reviews and the United States Trustee asserts that it has identified at least ten other cases wherein Swaine neglected to invest funds over a significant period of time.

The bankruptcy court's Order overruled the Objection and approved the Application on March 22, 1995. At the hearing on the issue, the bankruptcy court relied on 11 U.S.C. § 345(a) in holding that the permissive language found in the statute precluded the bankruptcy court from surcharging Swaine. In other words, Swaine did not have a statutory duty or obligation to invest estate funds. The bankruptcy court did indicate that if it thought the court had the discretion, it would conclude that Swaine should have invested the funds.

 This Court reviews de novo the bankruptcy court's legal conclusions and mixed questions of law and fact. *In re Lee,* 179 B.R. 149, 155 (9th Cir. BAP 1995). Factual determinations should not be disturbed

unless they are "clearly erroneous." *In re Itule*, 114 B.R. 206, 209 (9th Cir. BAP 1990). The bankruptcy court's decision was based upon its interpretation of 11 U.S.C. § 345(a). Therefore, this Court reviews the bankruptcy court's legal conclusions and decision de novo.

. The issue before this Court is: does the permissive language of 11 U.S.C. § 345(a) preclude a bankruptcy court from surcharging a negligent trustee for failing to maximize the bankruptcy estate for the benefit of the creditors by investing estate funds?

■ Section 704 states that a

1) trustee *shall* collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest; [and]

2) be accountable for all property received.

11 U.S.C. § 704(1) & (2) (emphasis added). Whereas section 345 merely states that

[a] trustee in a case under this title *may* make such deposit or investment of the money of the estate for which such trustee serves as will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment.

11 U.S.C. § 345(a) (emphasis added). Thus, neither the mandatory nor the permissive provisions of the Code are dispositive as to whether a bankruptcy court is precluded from surcharging a trustee for negligently failing to invest estate funds. Since the Code does not provide direct guidance, this Court turns to consider the role played by a bankruptcy trustee in an effort to determine the extent of a trustee's fiduciary obligations. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

■ Bankruptcy trustees are representatives of the bankruptcy estate. 11 U.S.C. § 323(a). As representatives of the estate, a bankruptcy trustee owes a fiduciary duty to creditors of, and parties-in-interest to, a bankruptcy estate. *In re Cochise College Park, Inc.*, 703 F.2d 1339, 1357 (9th Cir. 1983). Part of the bankruptcy trustee's fiduciary duty is to conserve assets of the estate and maximize distributions to creditors. *In*

*re Rigden*, 795 F.2d 727, 730 (9th Cir.1986) (citations omitted). In exercising these duties, a trustee must exercise:

that measure of care and diligence that an ordinarily prudent person under similar circumstances would exercise. Although a trustee is not liable in any manner for mistakes in judgment where discretion is allowed, he [or she] is subject to personal liability for not only intentional but also negligent violations of duties imposed upon him by law.

*In re Cochise College Park, Inc.*, 703 F.2d at 1357 (citations omitted); *see also In re Rollins*, 175 B.R. 69, 74 (Bankr.E.D.Cal.1994) (stating that even if a duty is discretionary, liability will attach if the trustee is negligent in the exercise of that discretion). Therefore, a bankruptcy court may surcharge a negligent trustee.

■ In light of the standard of care placed upon a bankruptcy trustee in exercising his or her duties, the question must be asked: what would a prudent person making investment decisions regarding his or her own money do with funds that will lay idle for a significant period of time or surplus funds which are not required to administer to his or her short term needs? While it may seem anomalous to deposit surplus funds in a non-interest bearing account, even when administration of the estate is to be of a short time period, the duty to invest any funds arises when the administration of the estate is of sufficient duration so as to make investment practical. *See In re Consupak, Inc.*, 87 B.R. 529 (Bankr.N.D.Ill.1988). The scope of the trustee's duty to invest funds, and whether or not that duty was breached, is not subject to a mechanical calculation. Rather, the practical considerations involved in defining a trustee's duty to maximize the return on the bankruptcy estate's funds are: 1) the sum of funds subject to investment, 2) the duration of the trustee's administration of the estate, 3) the time required by the trustee to manage the transfer of funds, and 4) the frequency with which a trustee needs to access those funds. When the practical considerations weigh in favor of investing the funds, absent other compelling justifications,

a trustee may be found negligent for failing to do so.

 In the instant case, the bankruptcy judge did not make factual findings as to the Swaine's negligence. Rather, the court merely stated that "if it was something of discretion I would say the trustee in my view ought to be investing these funds, but based on the way I read the code, I don't think he has an obligation or statutory duty to do that." (Transcript at 3, lines 9–13.) The United States Trustee asserts that the bankruptcy judge's failure to issue findings of fact was due in part to the undisputed nature of the facts. Conversely, Swaine asserts that the bankruptcy court made the factual conclusion that Swaine was not negligent. After review of the transcript, it is clear that the bankruptcy judge did not conclude that Swaine was or was not negligent, rather, the bankruptcy court's order was based on the judge's legal determination that "the statute controls and I have no discretion." (Transcript at 9, lines 9–12.) Similarly, the bankruptcy court's Order, dated March 22, 1995, merely states that "[t]he Court finds and concludes that the services rendered by the Trustee as set out in the Application were reasonable, appropriate and necessary for the administration of the estate, of adversary matters and controversies arising throughout the case." This Court finds that the bankruptcy court has neither entered factual findings nor determined whether Swaine was negligent in failing to invest the bankruptcy estate's funds.

THEREFORE IT IS ORDERED that the bankruptcy court's Order Approving And Authorizing First Interim Payment of Trustee's Fees, dated March 22, 1995, is VACATED. The case is REMANDED for a determination by the bankruptcy court as to whether Swaine was negligent in failing to invest the bankruptcy estate's funds in a manner consistent with the law as set forth above.